## PANCOAST v. INDUSTRIAL GLASS CO.

(Supreme Court, Appellate Division, Fourth Department. December 29, 1911.)

1. SALES (§ 61*)—CONTRACTS—CONSTRUCTION.

An accepted order by a buyer on a manufacturer for $75,000 worth of goods to be taken during the season beginning in September and ending in July following at prices specified was an executory contract of sale, giving the buyer the right to determine the articles he would order and the manufacturer the right to insist that the buyer should, within the contract term, order such goods to the specified amount.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 162–170; Dec. Dig. § 61.*]

2. MASTER AND SERVANT (§ 70*)—EMPLOYMENT—COMMISSIONS.

Where a salesman of a manufacturer procured an executory contract of sale, accepted by the manufacturer, which gave the manufacturer the right to insist that the buyer should, within a specified time as fixed by the contract, order goods to a specified amount, the salesman's right to commissions on the contract could not be defeated by any subsequent modification of the contract made without his consent, and on the arrival of the date for full performance of the contract he was presumptively entitled to his full commissions.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 84; Dec. Dig. § 70.*]

Appeal from Trial Term, Erie County.

Action by Thomas H. Pancoast against the Industrial Glass Company. From a judgment for defendant, entered on a verdict for the amount of the counterclaim interposed by it, directed by the court at the close of the evidence, plaintiff appeals. Reversed, and new trial ordered.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

I. W. Cole (Richard E. Jacobson, on the brief), for appellant.
George A. Davis, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ROBSON, J. In July, 1907, defendant entered into a written contract with plaintiff of which the parts material on this appeal are as follows:

"Lancaster, N. Y. July 5, 1907.

"Mr. T. H. Pancoast, New York City—Dear Sir: We herewith accept your proposition to represent us in eastern markets on commission basis, viz.: 5% on all sales sent us direct by you, or mailed us by the buyer in your territory; said commission to be paid as follows: 2½ % when we accept order and the balance or 2½% to be paid when bottles are shipped on order. * * * It is further understood that we have the right and privilege to refuse to accept any orders sent in by you if we find that the buyer is not entitled to credit. * * *

" [Signed]                                    Edwin Zurbrick, Pres.
                                             "George Walter, Secy.
"Accepted.                                   [Signed] T. H. Pancoast."

The defendant's business was the manufacture and sale of glass bottles. After making this contract, plaintiff secured orders for defendant's product, which were accepted by it; and shipments were made thereon. It is conceded that such orders were furnished by plaintiff and filled by defendant, aggregating the sum of $35,489.62; that plaintiff is entitled to his full commissions thereon; and that he had been paid an excess of $387.76 above the amount of his commissions computed on that sum. This excess is the counterclaim on which defendant's judgment for damages is based.

[1] In the amount of sales upon which defendant concedes plaintiff is entitled to commissions are included all sales on orders, which plaintiff claims he procured except an order secured by him from Charles De Witt & Co. It will therefore be necessary to consider that transaction only in determining this appeal. This De Witt order is in the form of a letter addressed to defendant and signed by De Witt & Co. Following the date and address, the letter continues:

"You will please enter our order for seventy five thousand dollars worth of Tank Flint Bottle Ware, we to take same during the coming season beginning September and ending July 1, 1908. Prices to be as follows:"

Then follows a long list of different kinds of flasks and bottles with the price of each, after which the proposed terms of payment are stated. The written acceptance of this proposal was, before it was mailed by De Witt & Co. to defendant, added by plaintiff "for Industrial Glass Company, Lancaster, N. Y." Defendant accepted this proposal, and duly notified plaintiff to that effect; thus, by implication at least, ratifying the written acceptance theretofore made for it by plaintiff. Prior to July 1, 1908, as orders for goods were made by De Witt & Co. pursuant to this agreement, defendant filled them; and the amount of the purchase price of such goods is a part of the sum of $35,489.62, upon which, as above stated, it concedes plaintiff is entitled to his commissions. Plaintiff failed to prove, however, that any greater amount of goods than that conceded by defendant had in fact been ordered by De Witt & Co. and supplied by it prior to July 1, 1908. It therefore claims, and the trial court has so held, that plaintiff is entitled under his agreement to commissions only on the goods furnished De Witt & Co. on orders of the

latter made prior to that date, which was the date, as it also insists, that ended the term of its contract with De Witt & Co. We think this conclusion of the trial court was erroneous. As we construe the contract made by defendant with De Witt & Co., it was in effect an executory contract of sale by which defendant agreed to furnish, at the prices stated in the agreement, such articles of its product named therein, to the amount of $75,000, as De Witt & Co. should designate on, or prior to, July 1, 1908; De Witt & Co. on their part agreeing to order on, or prior to, that date and accept articles of defendant's product which should amount, at the prices stated, to that sum. De Witt & Co. under the contract could at their option determine what articles within the contract they would order; but defendant had the right to insist that they should within the contract term order such goods to the amount of $75,000. This view as to the construction of this contract seems to be sustained, in principle at least, by decisions of the courts of this state. See Kellogg v. Norman, 74 N. Y. 596; Wells v. Alexandre, 130 N. Y. 642, 29 N. E. 142, 15 L. R. A. 218; Levey v. New York Central R. R. Co., 4 Misc. Rep. 415, 24 N. Y. Supp. 124, affirmed 144 N. Y. 649, 39 N. E. 493; Bank Note Co. v. Kings County Elevated R. R. Co., 37 App. Div. 460, 55 N. Y. Supp. 1063; Heisel v. Volkmann, 55 App. Div. 607, 67 N. Y. Supp. 271; Single Paper Co. v. Hammermill Paper Co., 96 App. Div. 535, 89 N. Y. Supp. 116. It should be said, however, that none of these decisions are exactly in point.

[2] This contract plaintiff procured for defendant under his agreement with it. Plaintiff's right to commissions thereon could not be defeated by any subsequent modification of the agreement made without his consent. As was said in Warren Chemical Co. v. Holbrook, 118 N. Y. 586, 592, 23 N. E. 908, 909 (16 Am. St. Rep. 788):

"When the compensation of an agent is dependent upon the success of his efforts in procuring a contract for his principal, and his subsequent performance of the work, the principal will not be permitted to stimulate his efforts with the promise of reward, and then, when the contract is obtained and the compensation assured, after construction, terminate the agency for the sole purpose of securing to himself the agent's profits. At any time before there was a reasonable assurance that the contract would be obtained the plaintiff might have terminated the agency."

In that case the agency contract was terminable at the pleasure of the principal.

So far as plaintiff's right to commissions on this contract is concerned, unless it has been modified, or limited by facts or circumstances not appearing in the record now before us, he had procured for defendant a valid executory contract of sale to De Witt & Co. of defendant's product to the amount of $75,000, performance of which by the purchasers on or before July 1, 1908, it could insist upon. When that date arrived, he was presumptively entitled to his full commissions on the order.

This right having been denied him by the trial court, it follows that the judgment should be reversed, and a new trial directed, with costs of this appeal to appellant to abide event. All concur.